GRAND LODGE COLORED K. P. OF TEXAS v. GRAVES et al. (No. 7351.)

(Court of Civil Appeals of Texas. San Antonio. June 10, 1925.)

**1. Appeal and error ⬤⟿731(5)—Assignment of error and statement thereunder held too general for consideration.**

Assignment of error that verdict was contrary to law and not supported by the evidence, and statement thereunder that matters alleged and fully set out in appellant's amended answer were in all respects substantiated, *held* too general for consideration.

**2. Appeal and error ⬤⟿1078(I)—Assignment of error, not briefed, is waived.**

Assignment of error, which is not briefed, is waived.

**3. New trial ⬤⟿99—Motion for new trial not meritorious, where newly discovered evidence cumulative only, and no diligence shown.**

Motion for new trial for newly discovered evidence was not meritorious, where evidence was cumulative of that already before the court and record showed no diligence in its discovery.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by Willie Graves and another against the Grand Lodge Colored Knights of Pythias of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed.

A. S. Wells, of Dallas, for appellant.
W. T. Thomason, of Fort Worth, for appellees.

SMITH, J. This suit was instituted by appellees in the court of a justice of the peace in Tarrant county to recover of appellant the amount of an insurance policy issued by appellant upon the life of George Higgins. The amount sued for was $175. The case was tried three times, twice in justice court, and once in the county court. In the first trial appellees recovered judgment for $65; in the second, $100. The amount recovered in the third trial is not shown in appellant's brief.

[1] Appellant's first assignment of error is that "the verdict of the jury is contrary to law, and is not supported by the evidence in this cause." The statement under this assignment is, in effect, that "the narrative statement of facts herein shows beyond any question that the matters alleged and fully set out in appellant's amended original answer are in all respects substantiated." The statement does not even purport to set out what those "matters" were, either in the pleadings or in the evidence. It nowhere appears in appellant's brief that appellant offered any defense, or what that defense was. What the verdict was is not shown in the brief. It does not even appear what the judgment was, or that any judgment was rendered upon the undisclosed verdict of the jury. Both the assignment and the statement thereunder are too general for consideration.

[2] The second assignment of error, not being briefed, is waived, and the third embraces the complaint that the court erred in refusing to direct a verdict for appellant. We have examined the record, and conclude that the evidence was sufficient to take the case to the jury.

[3] In its fourth assignment of error appellant complains of the refusal of the court to grant a new trial because of newly discovered evidence. Appellant affirmatively states that this newly discovered evidence "could only be cumulative of the evidence already before the court," which assertion destroys any merit the motion might otherwise have

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had. Besides, the record shows the case was tried in the justice court on May 18, 1923, again in the same court on June 14, 1923, and finally in the county court on November 23, 1923, and no diligence is shown in discovering the evidence. The assignment is overruled.

The judgment is affirmed.